HEBARD *v.* SCOTT.

(*Knoxville.* October 17, 1895.)

1. ADVERSE POSSESSION. *Boundaries of.*

The occupation of part of a tract of land claiming the whole, under a paper title defining its boundaries, is effective possession of the whole tract under the statutes of limitations. (*Post, pp. 468, 469.*)

Cases cited and approved: Hightower *v.* Smith, 7 Yer., 500; Talbot *v.* McGavock, 1 Yer., 262; Stewart *v.* Harris, 9 Hum., 715; Smith *v.* McCall, 2 Hum., 163; Tilghman *v.* Baird, 2 Sneed, 196; Norvell *v.* Gray, 1 Swan, 96; Snoddy *v.* Kreutch, 3 Head, 304; Coal Creek Co. *v.* Ross, 12 Lea, 1.

2. BOUNDARY. *What sufficient.*

The occupation of part of a tract of land claiming the whole, under a deed giving its boundaries and describing it as a specified tract on a designated creek, containing about 200 acres, is effective as possession of the whole of a well-known tract of land of the same name, conforming in the main to the calls of such deed, although it contained 750 acres, and there is some doubt as to the location of the beginning corner named in the deed, and attempted surveys of the land do not all correspond. (*Post, pp. 469, 470.*)

FROM MONROE.

Appeal from Chancery Court of Monroe County. T. M. McCONNELL, Ch.

McCROSKEY & PEACE for Hebard.

PRITCHARD & SIZER for Scott.

WILKES, J.   This is an ejectment bill.   The Chancellor refused complainant any relief, and dismissed his bill, and he has appealed.

Complainant claims to own 30,000 or more acres of mountain lands in the seventeenth and twentieth districts of Monroe County, in the Ocoee land district.   His contention is, that defendants, Williams and wife, claim a portion of the same on the northwest side of the body of land, on the waters of Little Citico Creek; that they have sold the timber on it, and it is being removed to their injury.   An injunction was asked and obtained to stay waste during the pendency of the suit, and the prayer is that the titles be passed upon, and the rights of the parties adjudged, and for general relief.

The defendants claim that they own, and are in possession of, about 750 acres embraced in the complainant's boundaries, known as the Salt Springs tract; that they hold under a warranty deed, and that the land is granted land, and they have been in possession for more than seven years.   It appears that complainant's have the better title to the land, tracing it back to the State, and that their title covers the area claimed by defendants.   Defendants have been in possession for fifteen years or more, under a deed purporting to convey a fee, but they make no attempt to deraign their title to the State.

They have about forty acres inclosed, and complainants concede that, as to that, defendants can hold under the statute of limitations. Defendants, however, claim that by virtue of their possession they can claim to the extent of the boundaries in their deed or paper title. Inasmuch as complainants, while they show title to the land, do not show any possession on the disputed portion, the contention of the defendants is correct, if there be nothing else in the way. *Hightower* v. *Smith*, 7 Yer., 500; *Talbot* v. *McGavock*, 1 Yer., 262; *Stewart* v. *Harris*, 9 Hum., 715; *Smith* v. *McCall's Heirs*, 2 Hum., 163; *Tilghman* v. *Baird*, 2 Sneed, 196; *Norvell* v. *Gray*, 1 Swan, 96; *Snoddy* v. *Kreutch*, 3 Head, 304; *Coal Creek Co.* v. *Ross*, 12 Lea, 1.

Complainants, however, insist that the boundaries in defendants' title are indefinite and uncertain, so much so as to make the conveyance and holding void, inasmuch as it is impossible, from the deed, to locate the lands. And this is the only real controversy in the cause. The boundaries, as given in the deed, are to begin at a yellow pine on Jonas Linn's line; thence east three-fourths of a mile, with said line, to a stake; thence southeast to the top of Blue Mountain, so as to include all the "tendible" land; thence* with said ridge around to the beginning, containing about 200 acres, and known as the Salt Springs tract on Citico Creek.

It is shown that several attempts have been made to survey the land, but the surveys do not in all

respects correspond, and there is some question as to the beginning corner. It is also shown that it is impracticable to locate the Linn line, and it appears that such line was fixed by agreement between Linn and the owner of the premises in dispute some time after the conveyance was made under which defendants claim, and was a conditional line.

It appears, however, from the great weight of evidence in the case, that the land in dispute is a noted · tract, known as the Salt Springs tract, but it contains some 750 acres of land, instead of about 200, as defendant's title papers show. It is a cove in the mountains, and the ridge conforms in the. main to the calls of defendants' deed, and form natural boundaries, including the land in controversy.

Taking the maps and reports of the surveyors and comparing them with the calls in the deed, and with these natural boundaries and objects, we are of opinion the location of the land and lines is shown with reasonable certainty, and, when coupled with adverse possession for more than seven years, is sufficient to vest the defendants with a possessory right which complainants cannot disturb.

We are of opinion, therefore, that there is no error in the decree of the Chancellor, and it is affirmed, with costs.