JONES *et al. v.* COAL CREEK MIN. & MFG. CO. *et al.**
(*Knoxville.* September Term, 1915.)

1. **ADVERSE POSSESSION. Requisites. Burden of proof.**

One seeking to show title by adverse possession has the burden to make out by clear and positive testimony such adverse possession as will bar the real title. (*Post, pp.* 184, 185.)

2. **ADVERSE POSSESSION. Requisites. Burden of proof.**

Although instruments under which an adverse claimant made his claims did not appear, but it was established that there was such a claim, another claimant, seeking in an action to establish title by adverse possession, has the burden of clearing up the questions raised by the existence of the other claim, and of showing its invalidity. (*Post, p.* 185.)

3. **ADVERSE POSSESSION. Requisites. Evidence. Burden of proof.**

In spite of the principle that a tenant cannot attorn to another, so as to hold adversely to his landlord without notice to him, where it appeared that a tenant had claimed adversely to his landlord because of certain suits involving the landlord's title, one seeking to establish adverse possession to the same land, as against both the landlord and the tenant and their assignees, has the burden of showing positively that the tenant had no title by adverse possession. (*Post, pp.* 185, 186.)

4. **ADVERSE POSSESSION. Requisites. Exclusive possession. Effect of double claims.**

Although the true owner of land against whom an adverse claim is asserted has presumptive title to all land not within the actual inclosures of the adverse claimant, that is not true of a mere trespasser; and possession by two adverse claimants, neither of which has title, neutralizes the possession of each in the overlap, priority of possession creating no advantage. (*Post, pp.* 186, 187.)

---

*As to what constitutes residence out of the State within the meaning of the statute of limitations see note in 17 L. R. A., 225; 47 L. R. A. (N. S.), 309.

On quit claim deed as color of title for purposes of adverse possession see note in 4 L. R. A. (N. S.), 776.

On sufficiency and effect of "return" to State by defendant to start statute of limitations running see note in 23 L. R. A. (N. S.), 547.

Cases cited and approved:  Hunnicutt v. Peyton, 102 U. S., 333; White v. Lavender, 37 Tenn., 648; Berry v. Walden, 5 Tenn., 174-177; McClung v. Ross, 5 Wheat. (U. S.), 116; Creech v. Jones, 37 Tenn., 631; Waddle v. Stuart, 36 Tenn., 535; Norvell v. Gray, 31 Tenn., 96, 107; Iron Co. v. Railroad, 131 Tenn., 236; Walker v. Fox, 85 Tenn., 154.

### FROM ANDERSON.

Appeal from the Chancery Court of Anderson County.—HUGH G. KYLE, Chancellor.

SAWYER & UNDERWOOD and LUCKY & ANDREWS, for appellants.

SCOTT & CHANDLER and WRIGHT & JONES, for appellees.

MR. JUSTICE FANCHER delivered the opinion of the Court.

A petition has been filed to rehear this case.

The position taken by the petitioner, that the possession of John Bunch, while he held for one Byrd, will be limited to the inclosure so held by him for Byrd, in its effect to neutralize the possession of defendant, cannot be sustained under the facts in this case.  It is upon the testimony of John Bunch alone that the defendant relies to prove its adverse possession by Jerry Bunch and John Bunch.  This witness shows that, while the possession of Jerry Bunch was being held by

Jones et al. v. Coal Creek Min. & Mfg. Co.

him, that he (John Bunch) was also holding under a lease from Byrd, and that it was of this land. He shows, furthermore, that there was litigation over the land, and that he continued to hold for Byrd until the litigation was ended. The proof, therefore, establishes that it was this identical land of which he was in possession under a lease. The lease itself might define boundary and extend the constructive possession so as to cover the land. Presumably it did so from this testimony. If there were no instrument defining boundary, the possession would be confined to the actual inclosure. But it is incumbent upon the defendant to make out by clear and positive testimony such adverse possession as will bar the real title. In the effort to make out such possession, the defendant's own witness proves that its possession was mixed, or, to say the least, left it seriously in doubt on this point.

While the color of title or instrument under which Byrd was claiming, and the lease to his tenant, neither appear, we think this was a matter which the defendant Coal Creek Company should have cleared up, inasmuch as the facts are presented through the testimony of a witness introduced by it, and the burden was cast upon it to make out such possession as would bar the owner.

It is insisted that John Bunch could not hold adversely to his landlord without notice. The statement of the law is correct that a tenant cannot attorn to another, so as to hold adversely to his landlord, without notice to him. But here the principle is misapplied.

A law suit was pending, probably over this very hold-
ing of John Bunch for Byrd. If no such notice was
had, it was the duty of the defendant to bring it out
since the matter was introduced through defendant's
own witness, leaving its own proof of adverse posses-
sion, to say the least, in a state of uncertainty and
doubt.

Another point raised in the petition as we under-
stand, is that the Coal Creek Company, being first in
possession, would have a superior right, and that the
entry by Byrd upon the land would not have the effect
to drive back the other claimant to his actual boundary
or neutralize its constructive possession of the land.
The position relied upon would apply if the Coal Creek
Mining & Manufacturing Company had been the true
owner. In such case the law regards the possession is
with the true owner as a superior right, and if, while
he is in actual possession of his land, a claimant with-
out title enters, he will be confined to his actual in-
closures though he have color of title. This is upon
the ground that there can be only one possession of
land, and in a contest between the true owner and a
trespasser, both attempting to hold actual adverse pos-
session at the same time, the constructive possession
as to that part of the land outside the actual inclosures
is held to be that of the owner. 2 Corpus Juris, pp.
242, 243; *Hunnicutt* v. *Peyton,* 102 U. S., 333, 26 L. Ed.,
113; *White* v. *Lavender,* 5 Sneed, 648; *Berry* v. *Wal-
den,* 4 Hayw., 174-177; *McClung* v. *Ross,* 5 Wheat. (U.
S.), 116, 5 L. Ed., 46; *Creech* v. *Jones,* 5 Sneed, 631;

*Waddle* v. *Stuart,* 4 Sneed, 535; *Norvell* v. *Gray,* 1 Swan, 96, 107; *Iron Co.* v. *Railroad,* 131 Tenn. (4 Thomp.), 236, 241, 174 S. W., 1122.

Not so, however, as between two mere claimants without title. Where disputed land is covered by deeds of both parties, and each has possession within the interference, but neither has title, their possession neutralizes each other as to the land within the lap not in actual possession of either. *Walker* v. *Fox,* 85 Tenn., 154, 2 S. W., 98.

In this case the Coal Creek Company did not have title. It was in the attitude of a mere trespasser on the land until its full seven years' actual, exclusive, continuous, and adverse possession had been effective. If during that time another trespasser, claiming the land, entered under an instrument defining boundary, there would be a conflict between the two trespassers; neither being rightly upon the land. The holding of the one would neutralize the holding of the other, or rather the entry of the last trespasser would rob the holding by the first of its unmixed character.

Other questions raised are not well taken. The petition will be overruled.