R. E. FINGAR, et al. v. ANDREW BEARD.

*Middle Section.  December 20, 1930.*

Hancock & Hancock, of Murfreesboro, for appellant.
Brown & Jackson, of Murfreesboro, for appellee.

DeWITT, J. This suit in ejectment involves the title to two acres of land. The complainants R. E. Fingar and Mrs. T. J. Fingar, as tenants in common, claim title under a deed to them executed by Mrs. H. W. Love and L. D. Whitson on May 24, 1918, registered on the same day, describing the land conveyed as located in the 20th Civil District of Rutherford county, and bounded as follows: On the north by Sam Daniel and A. B. Miller; east by Charlie Powell; south by Millersburg and Christiana Dirt Road; and west by Mrs. Robert Miller, containing 45 acres, more or less, and being known as the old John Ross place.

The tract of two acres sued for is claimed to be a part of the aforesaid tract and is described as follows:

"Beginning at a stake, Arey Miller's northeast corner and in the south boundary line of the Goss land; thence east with the Goss line 14½ poles to a stake in center of lane; thence a southwest course with the center of said lane 7 poles to a stake; thence south with the center of lane 29 poles to a flat rock; thence west 8½ poles to stake in Ary Miller's east boundary line, now complainant's; thence north with the said Miller line 34 poles to the beginning, containing by estimation 2 acres, more or less, and adjoining the lands of R. E. Fingar and wife on the south and east and being a portion of the tract they purchased from Mrs. H. W. Love, et al. and on the west being bounded by lands of R. E. Fingar and wife and public road, and on the north by Simmerell."

The defendant Beard contends that this two acre tract is not a part of the forty-five acre tract and for this reason alone the complainants have no title to it.

Complainants claim that on January 1, 1919, they took possession of the land described in their deed and held open, notorious, adverse possession of it, including the two acres, for more than seven years and until July 1, 1928, when the defendant wrongfully took forcible possession of the two acre tract; that on March 31, 1928, defendant obtained a deed to the two acre tract from one J. H. Miller and that said deed was champertous because complainants were then in such adverse possession thereof. Complainants claim that their predecessors in title had also such adverse possession continuously under a deed of Arnold, Sheriff, to W. M. Whitson, dated October 16, 1879; and descent cast upon Mrs. H. W. Love and L. D. Whitson as heirs of W. M. Whitson. They claim that because of this continuous adverse possession for more than twenty years a grant from the State of Tennessee would be presumed.

Complainants also claim that the land involved was many years ago owned by one John Ross, as a part of the 45 acre tract; that a substantial fence enclosed the two acres with the balance of the

land, with no division fence between them, until one was erected by the defendant in March, 1929.

The deed of Arnold, Sheriff, to W. M. Whitson purported to convey all the right, title and interest of John Ross in and to the following described tract of land: "situated in the 20th district of Rutherford County and bounded as follows: On the north by the Goss land; east by F. G. Miller; south by Dromgoole land; and west by Arey Miller, containing sixty acres, more or less."

The defendant deraigns his title, through deeds describing specifically this tract of two acres, as follows:

S. J. Stovall and wife, Lucy Stovall, to B. R. and I. M. Miller, November 13, 1875.

B. R. and I. M. Miller to F. L. Miller, January 16, 1885.

F. L. Miller to R. G. Miller, April 23, 1904.

R. G. Miller to J. H. Miller, November 17, 1910.

J. H. Miller to defendant Andrew Beard, March 31, 1928.

The source of title in S. J. and Lucy Stovall does not appear upon the records of the county. The deed of Arnold, Sheriff, to W. M. Whitson was registered prior to the deed of the Stovalls to B. R. and I. M. Miller, but if that deed did not include the two acre tract, it is of no effect as to the issue of title.

There is some testimony that the Stovalls acquired this two acre tract from John Ross, who was Lucy Stovall's father, but no deed is shown. If it is not a part of the land conveyed by the Sheriff to Whitson, the parties do not claim under a common source of title.

The complainants contend that whether the two acre tract was a part of the larger tract or not, they and their predecessors in title acquired a good title to it by adverse possession for more than twenty years.

The two acre tract was enclosed by fences continuously for about forty years with the other lands, the whole forming a single body of land under enclosure, until July, 1928, when the defendant Beard undertook to fence off the two acres from the other land. From January 1, 1919, until March, 1929, the complainants were in adverse possession of the two acres. If they did not hold it under an assurance of title, that is, if their deed did not include this two acres, their possession alone, for that period would not operate to toll the title. Shannon's Code, sec. 4456.

It is well established by the evidence that forty or more years ago this two acre tract was entirely separated from the other land by a road; that this road ran from a point 14½ poles east of the northwest corner of the two acre tract to the southeast corner and then west 8½ poles, then southwardly (as it now runs) along the western boundary of the Fingar tract to the Christiana and Millersburg road. This road had so run, setting apart the two acre

tract, for many years. Forty or more years ago the road was changed so as to run it along the northern and western boundaries of the two acre tract, placing it in one enclosure with the other tract. Prior to that time there was a cabin on the two acre tract, which was occupied by Stovall and his wife. The road was thus changed to make it more convenient for Robert Miller and his family, who lived on the adjoining tract on the west. Before the road was changed the two acre tract was entirely under fence. J. H. Miller testified that after he·bought this two acres in 1910 he cultivated it in cotton for two years.

He paid the taxes on it until he sold it to defendant Beard. He testified that his predecessors, Frank and R. G. Miller had it in possession and used and controlled it; that no one else made any claim to it until Fingar bought his 45 acres; and that Mrs. Love never claimed to own it. There is no evidence to the contrary. Mrs. Love testified that she knew of the Millers' claim and did not know whether she owned it or not. J. H. Miller also testified that he used to rent the Fingar land from Stovall and that the two acre tract was not included because it was owned by an uncle of the witness named F. L. Miller. He testified that he had peaceable possession of it from 1910 until Fingar made his purchase; that no one disputed his possession; that his brother, R. G. Miller had had possession of it for six years; that his uncle, F. L. Miller had adverse, peaceable possession of it and cultivated it during his ownership, from 1885 to 1904, when he sold it to R. G. Miller. He said that he rented the other tract from Mrs. Love and cultivated both tracts together without having any fence between them. In all these state· ments he was fully corroborated by the testimony of F. L. Miller. who was nearly 75 years of age. He said that from the time Stovall acquired the two acre tract, about the year 1870, until the road was changed, this tract was fenced off to itself and held in adverse possession.

There is no evidence countervailing this testimony.

H. H. Clark rented both tracts and had possession of them for five years prior to January 1, 1919. He rented the two acre tract from J. H. Miller and the other tract from Mrs. Love.

It is clear, therefore, that there was no possession of this two acre tract adverse to J. H. Miller and his predecessors in title, until January 1, 1919. No grant from the State of Tennessee could therefore be presumed in favor of the complainants. Neither they nor their predecessors in title had adverse possession for twenty years.

If the complainants' deed does not definitely include the land in dispute, they have not the registered assurance of title necessary

to perfect a title in them by seven years of adverse possession. In Ragsdale v. McFall, 145 Tenn., 684, 689, 237 S. W., 66, the rule was stated as follows:

"There must be some definite description in the deed which will identify the lands as being that claimed thereunder. If the lands are not described in the deed, it lays no foundation for a claim beyond the actual possession. Slatton v. T. C. Iron & Coal Co., 109 Tenn., 415, 75 S. W., 926. The deed must identify the particular tract of land in order to be an assurance of title under the first section of Acts 1819, chapter 28. If the description is indefinite and uncertain so as to make it impossible from the deed to locate the land, the conveyance and holding thereunder is void as a basis for constructive possession. Hebard v. Scott, 95 Tenn., 467, 32 S. W., 390; Goodloe v. Pope, 3 Shan. Cas., 634."

The land is described as bounded on the north by Sam Daniel and A. B. Miller. The evidence shows that the land adjoining this two acre tract on the north, extending about fourteen poles eastwardly from the northwest corner, belonged to Mrs. Robert Miller. The land of complainants is described as bounded on the west by Mrs. Robert Miller. She owned the land adjoining on the west running southwardly from the southern end of the two acre tract. The description in the deed closed with the words, "containing 45 acres, more or less, and being known as the old John Ross place." John Ross did own and live on this place, but he owned there at one time much more than this 45 acres. He owned a large body of land extending from the Millersburg and Christiana Road, including the lands later acquired by Sam Daniel and A. B. Miller. It is not clear that John Ross ever owned the two acres in dispute.

The description is at least so uncertain and indefinite as to the land in dispute that it cannot be concluded that it was included in the deed. The complainants therefore have not acquired title by adverse possession under registered assurance of title. They have not carried the burden of showing such title by strong, clear and positive evidence. Coal Co. v. Coppinger, 95 Tenn., 525, 32 S. W., 465; Jones v. Coal Creek, etc. Mfg. Co., 133 Tenn., 183, 180 S. W., 991. As hereinbefore declared, they have not acquired title by twenty years of adverse possession by them and their predecessors in title.

The defense of champerty is of no avail to complainants, because they could only recover on the strength of their own claim of title, not upon any weakness of that of the defendant.

It results that all the assignments of error are overruled, and the decree of the Chancery Court dismissing the bill, is affirmed at the cost of the complainants. The cost of the appeal will also be adjudged against the surety on their appeal bond.

Faw, P. J., and Crownover, J., concur.