**Earl BURKS, Plaintiff/Appellee,**

v.

**William T. BOLES and wife, Ruth Boles, Virgil Tidwell and wife, Mable Tidwell, and Edward Buford, Defendants/Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 19, 1996.

Permission to Appeal Denied by Supreme Court Nov. 12, 1996.

**654**

John E. Appman, Jamestown, for defendants/appellants.

Charles L. Hardin, Cookeville, for plaintiff/appellee.

## OPINION

CANTRELL, Judge.

This is a boundary line dispute brought pursuant to Tenn.Code Ann. § 16–11–106. The appellants assert on appeal that the action was not properly brought according to the statute, that the appellee did not prove that she was the owner of the land in dispute, and that the appellants were entitled to the disputed property by adverse possession. We affirm the trial court.

### I.

The land in question is rough hill land in Clay County. Because of a dispute with her neighboring landowners about the location of their property lines, the plaintiff brought this action to have the court establish the lines. The Chancery Court of Clay County heard the testimony of four surveyors and many witnesses and found that the lines ran according to a description contained in the plaintiff's survey.

### II.

The appellants, the only neighbors to appeal, assert that this is really an ejectment action and that the plaintiff sought to establish title to the land merely by alleging a boundary line dispute. Implicit in this assertion, of course, is a claim that the plaintiff must deraign her title from the state. See *Union Tanning Co. v. Lowe*, 148 Tenn. 407, 255 S.W. 712 (1923). We are of the opinion, however, that this is merely a suit to locate and establish the boundary line between adjoining landowners. *Id.; Patterson v. T.J. Moss Tie Co.*, 46 Tenn.App. 405, 330 S.W.2d 344 (1959). A boundary line dispute was the gravamen of the complaint, and although the appellants' answer alleged title to part of the land by adverse possession, the answer did not contain a counterclaim. The case proceeded to trial on the issues alleged in the complaint and denied in the answer. The plaintiff had the right to "choose the form in which [her] cause of action would be cast." *Id.* 330 S.W.2d at 354. We are satisfied that this was simply a boundary line dispute and that the plaintiff had the right to bring it in the chancery court under Tenn. Code Ann. § 16–11–106.

### III.

The appellants assert that the plaintiff did not clearly show that she was the true owner of the land in dispute. The requirement of "clear" proof is in Tenn.Code Ann. § 16–11–106(b) which dispenses with the requirement of a complete deraignment of title from the state or a common source "where the com-

plainant proves clearly that the complainant is the true owner of the lands described in the complainant's bill." We think the standard was met and exceeded in this case. The plaintiff's proof was clear and convincing that the land she claimed was covered by her deed and that the lines had been recognized by surrounding landowners for many years. The appellants' proof was not clear and, therefore, not convincing. The chancellor's findings are presumed to be correct, Rule 13(d), Tenn.R.App.Proc. We believe they were in fact correct.

## IV.

■ Finally, the appellants assert that they established title to the disputed area by adverse possession. This claim, however, would require a finding that the disputed area was within the calls of the appellants' deed. The proof falls far short of the requirements of open, notorious, and continuous possession of the land in dispute, without the benefit of the presumption that the appellants' possession extended to the limits of their deed. The chancellor found as a fact that the appellants' deed did not extend into the disputed area and we have affirmed that finding.[1] Therefore, we find that this issue is without merit.

The judgment of the lower court is affirmed and the cause is remanded to the Chancery Court of Clay County for the enforcement of the decree and for any other proceedings that may become necessary. Tax the costs on appeal to the appellants.

TODD, P.J. (M.S.), and KOCH, J., concur.

---

[1]. The chancellor did find that a part of the appellants' driveway extended into the plaintiff's land and that the appellants had acquired title to that area by adverse possession. No issue is raised on appeal as to that finding.