# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 2000 Session

## BETTY HOLLEY v. CLAYTON HAEHL, ET AL.

**A Direct Appeal from the Circuit Court for Giles County**
**No. 9936     The Honorable Jim T. Hamilton, Judge**

---

**No. M1999-02105-COA-R3-CV - Filed September 14, 2000**

---

Landowner sued adjoining landowner and timber cutter in general sessions court for trespass and the cutting of timber on her land.  From an adverse judgment, landowner appealed to the circuit court.  After a trial *de novo*, the trial court held that adjoining landowner owned the land involved by adverse possession and entered judgment for defendants.  Landowner has appealed.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Robert D. Massey, Pulaski, For Appellant, Betty Holley

Henry, Henry & Speer, P.C., Pulaski, For Appellees, Clayton Haehl and Charles Butch Stubblefield

## OPINION

Plaintiff, Betty Holley, filed suit in general sessions court on January 30, 1998, against defendants, Clayton Haehl and Charles Butch Stubblefield, for trespass and the wrongful cutting of her timber.  After judgment for defendants in general sessions court, plaintiff appealed, and the case was tried *de novo* without a jury in circuit court.  The circuit court held that Haehl was the owner of the property by adverse possession and entered judgment for both defendants.  Plaintiff has appealed and presents two issues for review.

The first issue for review is whether the trial court erred in holding that defendant Haehl was the owner of the property by adverse possession.

The disputed area of land is a 3.5 acre tract formerly owed by Z. O. Derryberry and his wife

as a part of a 150 acre tract.  By warranty deed[1] dated May 28, 1987, Derryberry and his wife conveyed 100 acres of this tract to defendant Haehl and his wife, describing the property by calls and distances.  By warranty deed dated April 18, 1994, Derryberry conveyed the 3.5 acre tract to plaintiff, Betty Holley and her husband[2], who owned an adjacent tract.  Although the record does not contain a survey of the disputed property and the surrounding areas, the parties introduced a plat from the Tennessee Board of Equalization which is helpful for a general description of the area in dispute.  A copy of the plat is attached as an addendum to this opinion.  We have marked the plat to show the Haehl property, the disputed area, and the adjoining Holley property.

As the plat shows, the property in dispute is triangular in shape, and along the southern edge there are remnants of an old fence.  There is a fence on the east side of the disputed property for bordering pasture land owned by Ms. Holley, and according to Ms. Holley's testimony, her tenant, Dennis Archer, used the fence for cattle enclosure.  The property in dispute is wooded and not suited for any farming purposes, but Ms.Holley testified that she permitted various parties to hunt on the property.  In July of 1997, Ms. Holley's tenant, Dennis Archer, discovered that timber was being cut in the disputed tract and informed Ms. Holley.  Mr. Archer contacted defendant Haehl and told him that the property belonged to Ms. Holley.  Upon confirming duplicate ownership of the property, Mr.Haehl instructed Mr. Stubblefield to cease logging.  Ms. Holley testified that Mr. Haehl admitted to her that he had cut timber off of her land, but that there was minimal damage and he had offered to clean up the property.

Ms. Holley further testified that Dennis Archer maintained the fence between the pasture land and wooded area in order to run his cattle, and that it was not intended to be a boundary line fence.  Mr. Haehl testified that when he purchased the property from Mr. Derryberry, Mr. Derryberry walked the boundary lines with him and told him that his deed included the property in dispute.  He testified that he let cattle graze in the wooded area and that he walked the fences and made such repairs as necessary to maintain the fences that enclosed the disputed area.  Mr. Haehl stipulated, however, that the description in his warranty deed from Derryberry did not include the property in dispute.  At the conclusion of the bench trial, the court held that Mr. Haehl had acquired title to the property by adverse possession and entered judgment for the defendants.

Since this case was tried by the court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court.  Unless the evidence preponderates against the findings, we must affirm, absent error of law.  Tenn. R. App. P. 13(d).

It is undisputed that the description in the Haehl deed does not include the disputed area.  It is likewise undisputed that Mr. Haehl's claim to the property dates back approximately ten to eleven years.  The trial court's order finding adverse possession did not designate any length of time for the possession, but in view of the length of Mr. Haehl's possession, it appears that the trial court was

---

[1] All of the deeds of conveyance referred to in this opinion were duly recorded in the Register's Office of Giles County, Tennessee.

[2] Mr. Holley is now deceased.

initially relying upon the seven-year period set out in T.C.A. § 28-2-101 (1980), which provides:

> **28-2-101. Adverse possession - State conveyance. -** (a) Any person having had, by himself or those through whom he claims, seven (7) years' adverse possession of any lands, tenements, or hereditaments, granted by this state or the state of North Carolina, ***holding by conveyance, devise, grant, or other assurance of title***, purporting to convey an estate in fee, without any claim by action at law or in equity commenced within that time and effectually prosecuted against him, is vested with a good and indefeasible title in fee to the land described in his assurance of title.
>
> (b) No title shall be vested by virtue of such adverse possession, unless such conveyance, devise, grant, or other assurance of title shall have been recorded in the register's office for the county or counties in which the land lies during the full term of said seven (7) years' adverse possession.

T.C.A. § 28-2-101 (1980)(emphasis added).

If, in fact, the trial court was relying on T.C.A. § 28-2-101 as the basis for its holding, we must respectfully disagree. As previously noted, Mr. Haehl stipulated that the description in his deed did not include the disputed area; thus, he did not have registered assurance of title necessary to perfect title by seven years of adverse possession. See Ragsdale v. McFall, 145 Tenn. 684, 691 (1921); Burks v. Boles, 934 S.W.2d 653, 655 (Tenn. Ct. App. 1996); Fingar v. Beard, 12 Tenn. App. 604, 608 (1930).

After the court entered its final order, Ms. Holley filed a motion to alter or amend, which the court denied. The order denying Ms. Holley's motion states in part:

> \*            \*            \*
>
> In awarding title to the Defendant, Haehl, the Court was fully aware that in Tennessee to establish title by adverse possession, there must be an occupation of the property under a claim of right or title which is open, actual, continuous, exclusive, adverse and notorious for the prescriptive [period] of twenty (20) years. The Defendant bought this property from Mr. and Mrs. Zollie Derryberry in May, 1987. Prior to purchasing the property the Defendant walked the boundary line with Mr. Derryberry on two occasions and each time they walked the fence in question as being the boundary and one occasion the surveyor's ribbons were on the fence; the Defendant obtained a map from First National Bank where he financed this purchase and it also showed the property in question to be included in the property being finances by the bank; the tax assessor's map also showed this property to be included in the Derryberry tract; the

Defendant maintained the fence during the twelve (12) years since he purchased this tract as did the Plaintiff's agent, treating this as a line fence.

The Court therefore finds that the twenty (20) year prescriptive period was clearly established not only by Defendant Haehl, but his predecessors in title Mr. and Mrs. Derryberry and that this case fits the type of fact situation which would allow the times to be "stacked" [sic] between title owners. The Defendant also allowed his cattle to run on the property at issue and never had one complaint about who owned this small triangular tract until he began to cut timber.

\* \* \*

Z. O. Derryberry owned in fee simple both the property deeded to Mr. Haehl and the disputed area deeded to Ms. Holley. In the order denying the motion to alter or amend, the trial court found that prior to Mr. Haehl's purchase of the property, he and Mr. Derryberry walked the boundary of the property and that it included the disputed area. This finding was premised on the testimony of Mr. Haehl that Mr. Derryberry told him the disputed property was included in the conveyance. This type of oral testimony should not be admitted to vary the terms of a clear and unambiguous deed description. ***See Minor v. Belk***, 360 S.W.2d 477, 483 (Tenn. Ct. App. 1962). Such testimony is a violation of the parol evidence rule. The parol evidence rule is a rule of substantive law which this Court may consider even though there was no objection made in the trial court, and the issue was not raised on appeal. See Maddox v. Webb Const. Co., 562 S.W.2d 198, 201 (Tenn. 1978); First Tennessee Bank Nat'l Assoc. v. Wilson, 713 S.W.2d 907, 909 (Tenn. Ct. App. 1985). We therefore hold that the trial court erred in admitting the testimony of Mr. Haehl that prior to the conveyance from Derryberry, Derryberry told him that the disputed property was included in his deed. Therefore, this evidence should not be considered.

On April 18, 1994, less than seven years from the date of Mr. Haehl's deed, Mr. Derryberry conveyed by warranty deed the 3.5 acre tract to the plaintiff and her husband. We should not presume that Mr. Derryberry intended to execute a champertous deed. His actions in conveying the property to Ms. Holley belie any inference that he intended to give possession of the property to Mr. Haehl.

Additionally, in the order denying Ms. Holley's motion to alter or amend, the trial court found that defendant Haehl had established the required twenty-year period required for adverse possession without colorable title. The trial court found that the period in which Mr. Haehl claims to have adversely possessed the property in dispute could be "tacked" to that of the Derryberry's. We disagree. "Tacking" is defined as, "[t]hat doctrine which permits an adverse possessor to add his period of possession to that of a prior adverse possessor in order to establish a continuous possession for the statutory period." ***Black's Law Dictionary*** 1452 (6th ed. 1990)(emphasis added). Adverse possession must be just that: adverse. This Court has held that, in order to be adverse, possession "must be of such a character as to leave no doubt of claim of ownership by adverse possession and to give notice to the public of the possession and the claim." ***Blankenship v. Blankenship***, 658

S.W.2d 125, 127 (Tenn. Ct. App. 1983). We have also held that the party claiming ownership by adverse possession "must sustain the proposition that the possession was in fact adverse to the true owner. **Bynum v. Hollowell**, 656 S.W.2d 400, 403 (Tenn. Ct. App. 1983). The rightful and legal owner of property cannot adversely possess against his own interest in the land.

Under Tennessee, the burden of establishing by clear and positive proof such adverse possession is on the adverse possessor. See Whitworth v. Hutchison, 731 S.W.2d 915, 917 (Tenn. Ct. App. 1986)(citing Jones v. Coal Creek Mining and Mfg. Co., 133 Tenn. 183, 180 S.W. 991 (1915); Davis v. Louisville & N.R.R., 147 Tenn. 1, 244 S.W. 483 (1921)). This rule applies to both the length of time and the character of possession. **Id.** Evidence of adverse possession is strictly construed and any presumption is in favor of the holder of the legal title. Moore v. Brannon, 304 S.W.2d 660, 667 (Tenn. Ct. App. 1959).

In the instant case, there is simply no proof to support the trial court's holding of adverse possession under color of title and the evidence preponderates against a finding of adverse possession for twenty years.

The appellant's second issue for review concerns the failure of the trial court to award damages based on the defendant's negligent cutting of timber pursuant to T.C.A. § 43-28-312. In view of the trial court's holding concerning ownership of the disputed tract, the trial court did not consider the question of Ms. Holley's damages. Accordingly, we remand this case must to the trial court for consideration of the damage award, if any, to the appellant.

The order of the trial court is reversed, and the case is remanded to the trial court for such further proceedings as may be consistent with this opinion. Costs of the appeal are assessed against the appellees, Clayton Haehl and Charles Butch Stubblefield, and their sureties.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.



#13
EXHIBIT

PREPARED FOR
TENNESSEE STATE BOARD OF EQUALIZATION
BY
TENNESSEE MAPPING AND ENGINEERING SERVICE, INC.
NASHVILLE, TENNESSEE
AND