H. E. Jackson, Sp. J.,
delivered the opinion of the court:
This is an action of ejectment from the circuit court of Wealdey county, for the recovery of a certain tract of land described in the declaration. There was a verdict and judgment for the defendant, and the plaintiff appealed in error to this court. The land in controversy was granted, and the principal question presented by the record and the argument of counsel is this, whether an adverse holding of land for seven years under a champertous deed will give the holder a good title to. the land so- held, under the first *635 section of tibe Act of 1819, cb. 28. In other words, whether a champertous deed purporting to convey a fee simple estate, is such color of title as, coupled with seven years’ adverse'possession thereunder, will give the holder title under the first section of the Act of 1819. The circuit judge held that a. champertous deed would not constitute such color of title.
In this ruling we are clearly of the opinion that the court below' erred. The deed of July 22, 1842, from. "Wellington Jenkins to Anna W. Griffin et al. (heirs at law to Jos. Griffin), under whom plaintiff derived her right, which was held to be champertous, because the land or a portion of it was'at the time of its execution adversely held, is “an assurance of title purporting t'o convey am estate in fee.” The validity or invalidity of the instrument in no way prevents it from giving srich color of title as the first section of the Act' of 1819 contemplates. In Clark v. Chase, 5 Sneed, 638, it was held that a forged deed was sufficient color of title to satisfy the requirements of said section.
So in Love v. Shields, 3 Yerg., 405, it is held that a void deed is a sufficient color of title. Judge Catron says in the case “that if the legislature has made no exception, the court can make none.” We have numerous decisions to the same effect, which in principle, if they do not in direct terms, established that a champertous, deed, just as any other paper title, may be.used to make out a title under the statute of limitations. Martin & Yerger, 361, also 333; 2 Yerger, 288; 3 Yerg., 501; 4 Yerg., 253; 11 Hum., 313.
We are further of the opinion that the court below erred in admitting tire deed of Carter Nunnery to Benj. W. Jordon, of date October 30, 1828, offered by defendants, and objected to by plaintiffs. This deed is void for vagueness. It identifies no particular tract or parcel of land in the county of Weakley. It is under this void deed and said Jordon’s lease to S. W. Reddick, who was in possession of part of the premises in controversy, that the defendants *636 were allowed to show that Jen kin’s deed to the Griffin heirs, of date July 32, 1842, ivas ©hampertons.
The deed from Nunnery to Benj. IV. Jordon of 30th October, 1838, being void for uncertainty and vagueness, or if not void containing no description or boundaries covering the tract of land accurately described by metes and bounds in the deed from Jenkins to the Griffin heirs, how can it be said that the latter was wholly champertous because of an adverse holding at the time of its execution, under a deed which did not describe any land? It follows that Jordon was only in adverse possession to the extent of the inclosures of his tenant, S. W. "Reddick, when the deed from Jenkins to the Griffin heirs was made, and to this extent only can the latter deed [be] considered champertous, under the authority of Pickens v. Delozier, 2 Hum., 400.
It follows that the judgment of the circuit court must be reversed, and a new trial awarded with costs.