J. B. ALLEN v. T. O. SALLINGER.

*Boundary—Deed, description in—Evidence.*

A description in a deed of "a certain tract of land, begins at a pine on R.'s line, thence running K.'s line, thence binding on L.'s line, then to the first station, including twenty-five acres." is not void for uncertainty, and may be aided by parol proof.

This was an ACTION involving the title and right to possession of a tract of land, tried at the September Term, 1890, of the Superior Court of MARTIN County, before *Womack, J.*

Appeal by defendant.

The case is stated in the opinion.

*Mr. James E. Moore,* for plaintiff.
*Mr. A. O. Gaylord,* for defendant.

AVERY, J.: Not a single exception was taken to the rulings or the charge of the Court below. The contention of the defendant, suggested for the first time in this Court, was, that there was a fatal variance between the description of the land sued for, as set forth in the complaint, and that

contained in the deed offered by the plaintiff, to establish title. As a remedy for this defect the plaintiff moved here to amend the complaint by embodying in it the calls of his deed instead of the imperfect boundaries now declared upon, and the motion was allowed in the exercise of an unquestionable power. *Knowles* v. *Railroad,* 102 N. C., 67; *Grant* v. *Rogers,* 94 N. C., 755; *The Code,* § 965; *Wilson* v. *Pearson,* 102 N. C., 291.

The defendant then moved for judgment here, on the ground that the description was, upon its face, void for uncertainty. The descriptive clause in the deed and the amended complaint is as follows: "A certain tract or parcel of land begins at pine on Rolach line; thence running Kenneth Sallinger line; thence binding on Lovick Sexton's line; thence running the Thomas Latham's line; then to the first station, including twenty-five acres, be the same more or less." It is needless to cite authority to prove that evidence *aliunde* would have been competent to locate the pine at the beginning. Then, proof that a line known as the Kenneth Sallinger line extended from the pine to a point where it intersected with another line known as Lovick Sexton's line would have been admissible to establish the second corner at the point of intersection (where it was "binding on" or connected with the Sexton line). The term "binding on" is a local and provincial expression, but we take notice of the fact that it is used to indicate that a tract of land is bounded. by another, and, as a result in this case, that the lines of the land intersect. The third call—"thence running Thomas Latham's line"—does not indicate in express terms at what point on his line the third corner could be located, nor does it give any *data* from which it could be determined what distance that line must be followed and what would be the point of departure from that line for the first station. From the second corner, at the intersection, the call is not "along the Lovick Sexton line," but "thence running Thomas

Latham's line," and, according to a settled rule of construction, if the Latham line could be established by parol proof, the third line of this tract would run from the intersection (the second corner), the most direct course to the nearest point on it, not necessarily with the Sexton line, but along the Sexton line, if it intersected with both the Rolach and Latham lines, at the points in the two where they approached nearest to each other. *Spruill* v. *Davenport*, 1 Jones, 203; *Gause* v. *Perkins*, 2 Jones, 222; *Topping* v. *Sadler*, 5 Jones, 357; *Cansler* v. *Fite*, 5 Jones, 424.

In *Campbell* v. *Branch*, 4 Jones, 313, the Court laid down the rule that where the object designated in the description was not a point, but a series of points, making an extended line, "as in the case of a river, swamps on *the line of another tract of land*, then the disputed line must be run to the *nearest point* on said *river*, swamp or *line of another tract*," and that, in order to carry out this principle, even a call for course and distance must be disregarded. *Redmond* v. *Stepp*, 100 N. C., 212; *Wellons* v. *Jordan*, 83 N. C., 371.

Having reached the nearest point upon the Latham line, the next question presented is, how far, according to the calls of the deed, should the Latham line be followed, or how would the point of departure from that line to the first station be determined? There being nothing in the description to fix that corner at any point beyond the intersection of the second line with it, we must, as far as possible, give effect to all the descriptive words by first going to the Latham line by the most direct course, and then running the shortest line from our intersection to the first station, thus enclosing the land by three triangular lines. *Shultz* v. *Young*, 3 Ired., 385. In the case of *Osborne* v. *Anderson*, 89 N. C., 262, the late Chief Justice SMITH, for the Court, construed the words of a description in a deed, "thence south to James and John McMillan's line, and thence west to Cynthia Gambrill's land," to mean that the lines should be run south first to the line

108—11

of James, then along that line to its intersection with John's line, or, if the two were shown to approach each other without intersecting, then from the nearest point in the line of James to that of John by a direct course, and thence by the shortest line to Cynthia Gambrill's land. *Miller* v. *Bryan*, 86 N. C., 167.

In the consideration of the motion of the defendant, we must take an abstract view of the question, discussing it just as if the Judge below had held the description too vague and refused to hear testimony at all. It is too late, after failing to enter an exception, for the defendant to insist upon the insufficiency of the evidence. The jury have found that he was a trespasser on land belonging to the plaintiff, and it is not material now whether, in arriving at their conclusion as to the facts, they thought the plaintiff's deed ought to be run so that the boundary of land included should assume the shape of a parallelogram, a square or triangle. The finding that defendant was a trespasser on land of which plaintiff was the owner in fee-simple is conclusive upon the former. We are called upon to decide, and do hold, simply that the description is not too vague to be explained by competent parol proof *aliunde*, to which, by its terms, it points, and is not, therefore, void upon its face. *Blow* v. *Vaughan*, 105 N. C, 198. Without assuming that the plaintiff did adduce precisely such evidence as, upon the theory advanced by us, would have been sufficient to fit the description to the land claimed by him and cover the *locus in quo*, we must refuse the defendant's motion, because the language of the deed is such as to demonstrate the possibility, by extrinsic evidence pointed out by its terms, of establishing its boundary lines. If the defendant had excepted to the ruling of his Honor upon his demurrer to the evidence, we would not have been precluded from considering the other question discussed by counsel.

Affirmed.