BROADWELL v. MORGAN.

(Filed October 30, 1906).

*Grants and Patents—Registration—Seal—Description—"A Pine" as Beginning Point—Ejectment—Evidence to Locate Land—Declarations as to Beginning Point—Adverse Possession—Harmless Error.*

1. Grants and patents issued by the sovereign are proven by the seal, and are entitled to enrollment, and thereby become public records.

2. The fact that it does not appear of record that a scroll or imitation of the Great Seal of State was copied thereon, does not invalidate the registry of the grant. The recital in the body of the grant, as recorded, of the affixing of the seal is sufficient evidence of its regularity.

3. A description in a grant or deed, "Beginning at a pine on the east side of Gum Swamp," etc., is a sufficiently definite beginning to admit parol evidence to locate it.

4. A pine is a natural object, and when called for in a deed as a corner or beginning point is understood to be permanent evidence of where the boundary is.

5. In an action of ejectment, an objection that the beginning corner (a pine) of the land is not proven, and therefore it cannot be located, is without merit where a witness testified that he had known the land in controversy and the beginning corner for fifty years; that he knew where the beginning corner was and had started surveyors there "a time or two"; that there is nothing there now to show the corner but a stub in the ground; that a person, now dead, and an old man at the time, who was disinterested and who lived about half a mile from the place, pointed out this corner; that the stub is where he pointed the corner of the boundary, and there is evidence that the surveyor started at that point and found chopped and blazed pines along the line.

6. In an action of ejectment, an objection to the declaration of a person made long ago, who is now dead, and who was disinterested and lived about half a mile from the land, as to the beginning point of the land, cannot be sustained.

7. In an action of ejectment, where the title is shown to be out of the State and there is ample evidence to go to the jury that plaintiffs

and those under whom they claim acquired title by color and seven years' actual possession, a charge to the effect that "there is evidence that plaintiffs were in possession of the land for twenty-five years or more before the commencement of this action," is not material.

ACTION by W. L. Broadwell and others against Mark Morgan, tried by *Judge Fred. Moore* and a jury, at the March Term, 1906, of the Superior Court of SCOTLAND. From a verdict and judgment for plaintiff, defendant appealed.

*J. A. Lockhart* for the plaintiff.
*M. L. John, J. D. Shaw* and *E. H. Gibson* for the defendant.

BROWN, J. The plaintiff claims title to a certain tract of land described in the complaint and known as "Bill Place." In making out title plaintiff offered in evidence a grant to John MacDonald, dated 30 June, 1797, containing one hundred acres, described as follows: "Beginning at a pine on the east side of Gum Swamp and runs north 30 degrees west 80 poles to a pine near the Log Branch, then south 60 degrees west 200 poles, crossing said swamp to a corner, then south 30 degrees east 80 poles to a corner, then north 60 east 200 poles to the beginning." The plaintiff also offered several deeds in his proof of title containing practically the same description. The defendant in apt time objected to the introduction of the grant because it does not appear of record that it had been properly probated and ordered recorded. Grants and patents issued by the sovereign are proven by the seal and are entitled to enrollment and thereby become public records. Malone on Real Property Trials, p. 154. We do not understand that it is contended there is no seal to the grant or that it was omitted from the registry. But if it does not appear of record that a scroll or imitation of the Great Seal of State was copied thereon, that does not invalidate the registry of the grant. The recital in the body of

the grant, as recorded, of the affixing of the seal is sufficient evidence of its regularity. *Aycock v. Railroad,* 89 N. C., 323.

The defendant further contends that the grant and deeds are void for insufficient description; that "beginning at a pine on the east side of Gum Swamp" is such an indefinite beginning that parol evidence is inadmissible to locate it. For this position the defendant relies on *Holmes v. Sapphire Company,* 121 N. C., 411, and *Hinchey v. Nichols,* 72 N. C., 66. The headnote of the former case seems to support the contention of the defendant, but upon a careful examination of the opinion we find the headnote to be misleading. In that case the beginning corner was at "a large chestnut, runs thence S. 25 W.," etc. It is evident that if the large chestnut could be located, the entire grant could. While the Court says the description in the grant is not as definite as it ought to be, it does not declare it void on that account. The decision is based solely upon the ground that the evidence is insufficient to locate the beginning or other calls of the grant. An examination of the evidence in that case sustains the view of the Court, for there seems to have been an utter failure of testimony tending to prove the beginning corner of the land in controversy.

We think the case of *Hinchey v. Nichols* falls far short of supporting defendant's position. In that case the land was described as on a big branch of Luke Lee's Creek, beginning at or near the path that crosses the branch *on a stake,* etc. The Court held that the grant was void, and could not be located by parol evidence. It is a settled rule of construction in this State that when "stakes" are called for in a deed, with no other added description than course and distance, they are intended by the parties as imaginary points. They are not natural objects, and have no permanency. *Massey v. Belisle,* 24 N. C., 170; *Mann v. Taylor,* 49 N. C., 272. A pine is a natural object, and, when called for in a deed as a

corner or beginning point, is understood to be permanent evidence of where the boundary is. We know of no authority, and have been cited to none, which renders the description in MacDonald's grant void because the pine was not described by marks or other designation. On the other hand, this Court has held quite the contrary. In *Allen v. Sallenger,* 108 N. C., 160, the description in the grant is: "Begins at a pine in Rolach line, thence," etc. In the opinion it is said: "It is needless to cite authority to prove that evidence *aliunde* would have been competent to locate the pine at the beginning."

It is further contended that the beginning of the tract is not proven, and therefore it cannot be located. The witness, Alex McIntyre, testified that he had known the land in controversy and the beginning corner for fifty years; that he knew where the beginning corner was, and had started surveyors there "a time or two"; that there is nothing there now to show the corner but a stub in the ground; that Neil Leach, now dead, and an old man at the time, who was disinterested and who lived about half a mile from the place, pointed out this corner; that the stub is where Leach pointed the corner as the beginning of the boundary. There is evidence that the surveyor started at that point and found chopped and blazed pines along the line. Upon an examination of the plaintiff's evidence, we think it amply sufficient, if believed by the jury, to locate the land.

The objection to the declarations of Leach, made long ago to the witness McIntyre, as to the beginning point of the land, cannot be sustained. *Hill v. Dalton,* 140 N. C., 9; *Bland v. Beasley,* 140 N. C., 628.

The Court, in charging the jury, said: "There is evidence that plaintiffs were in possession of the land for twenty-five years or more before the commencement of this action." This is not material. The title being out of the State, as shown by the grant to MacDonald, there is ample evidence in

the record to go to the jury that plaintiffs and those under whom they claim acquired title by color and seven years' actual possession. *Mobley v. Griffin,* 104 N. C., 115, and cases cited.

We have examined carefully all the exceptions in the record, and find

No Error.