J. H. RAGSDALE *et al. v.* ARTHUR McFALL *et al.*[*]

(*Nashville.* · December Term, 1921.)

1. **ADVERSE POSSESSION.** Deed not identifying land insufficient as a basis for constructive possession.

A deed must contain some definite description which will identify the lands claimed thereunder, in view of Acts 1819, chapter 28, section 1, and · if the description is indefinite so as to make it impossible from the deed to locate the land, the conveyance and holding thereunder is void as a basis for constructive purposes. (*Post, p.* 689.)

Acts cited and construed: Acts 1819, ch. 28.

Cases cited and approved: Slatton v. T. C. Iron & Coal Co., 109 Tenn., 415; Hebard v. Scott, 95 Tenn., 467; Goodloe v. Pope, 3 Shan. Cas., 634.

2. **EVIDENCE.** Parol evidence is permissible to apply, but not to supply, description.

Parol evidence is admissible to show where the land is that fills the description given in a deed, but it cannot supply material parts of the deed; it is permissible to apply, but not to supply, description. (*Post, pp.* 689-691.)

Code cited and construed: pp. 2278 to 2286 (S.).

---

[*]The question as to whether unrecorded deed is color of title in adverse possession is discussed in a note in L. R. A. 1915B, 1006.

On mistake in description as affecting record of instrument relating to real property, see note in L. R. A. 1916A, 530.

On form and sufficiency of certificate of married woman's acknowledgment, see note in 45 L. R. A. (N. S.), 1109.

On the question of admissibility of parol evidence to vary, add to, or after the terms of a written instrument, see note in 17 L. R. A., 270.

Ragsdale v. McFall.

3. **ADVERSE POSSESSION.** Description under deed held so uncertain as not to extend adverse holding beyond improvements themselves.

In ejectment, where adverse possession under a deed was interposed as a defense as to two tracts of land, a description in a deed as to one tract *held* so vague and uncertain that it could not operate as a proper location of the boundaries thereof so as to extend the operation of the statute of limitations beyond the improvements themselves. (*Post*, *p.* 691.)

4. **ADVERSE POSSESSION.** Description in deed held sufficient basis for adverse possession as to entire tract described.

In ejectment, where adverse possession under a deed as to one tract was interposed as a defense, and the exact location of the corners called for by the deed could be found by trees on the boundary line of adjoining lands, *held* that the description was sufficient to fix the definite boundaries of that tract so as to extend the operation of the statute of limitations to the entire tract. (*Post*, *p.* 691.)

5. **Adverse possession.** Defectively acknowledged deed, not entitled to record, not color of title.

Where the certificate of acknowledgment of a married woman's deed was insufficient under the statute to entitle it to registration, it could not operate as color of title so as to perfect title by adverse possession, notwithstanding it was found in the records in the register's office, in view of Acts 1895, chapter 38. (*Post*, *pp.* 691, 692.)

6. **ADVERSE POSSESSION.** Married woman's deed without privy examination held color of title.

That a deed was executed by a married woman without any privy examination did not prevent the deed from being an assurance of title under which title could be perfected by adverse possession. (*Post*, *pp.* 691, 692.)

Acts cited and construed:   Acts 1895, ch. 38.

Cases cited and approved:   Byrd v. Phillips, 120 Tenn., 14;  Smith v. Cross, 125 Tenn., 159;   Hanks v. Folsom, 79 Tenn., 558.

7. **ADVERSE POSSESSION.** Registration of deed held not essential to adverse possession under statute.

Registration of a deed is not essential to entitle one to rely upon the statute of limitations under Acts 1819, chapter 28, section 2, and adverse possession within the boundaries of the deed will operate to the full extent thereof, and, if continued for more than seven years, will, under such section, prevent recovery of the land. (*Post, p.* 692.)

Acts cited and construed: Acts 1819, ch. 28, sec. 2.

Case cited and approved: Kittel v. Steger, 121 Tenn., 400.

---

### FROM WAYNE.

---

Appeal from the Chancery Court of Wayne County.— Hon. J. C. Hobbs, Chancellor.

Pitts & McConnico and R. M. Sims, for appellants.

Haggard & Haggard, for appellees.

Mr. L. D. Smith, Special Judge, delivered the opinion of the Court.

This is an action of ejectment in which the complainants sued to recover a five thousand-acre tract of land in Wayne county. Only a portion of the land sued for is involved, inasmuch as defendants disclaim title to any portion thereof except two small tracts which are described in the answer as follows:

"That he is the owner of two tracts of land situated in the Fifth civil district of Wayne county, Tenn., one containing fifty-seven acres and the other one hundred and

four acres, which two tracts of land may be within the boundaries given in the complainants' bill," which he acquired "under a deed duly executed and delivered to him on the 26th of December 1908."

The complainants' record title is not disputed, but the defendants pleaded the statute of limitations, and rely upon the fact that at the time the suit was brought they were in the actual possession of the two tracts of land referred to in their answer, and had been claiming adversely under the deed referred to for more than seven years, and, therefore, they say: First, that they have perfected their title to the boundaries of the land described in the deed; second, that complainants are barred from a recovery of any of the land described in said deeds by reason of their having had more than seven years' adverse possession; and, third, that the complainants cannot recover because the deed to them is champertous and void.

It is conceded by the complainants and established by the proof that the defendants were at the time of the institution of the suit, and had been for more than seven years, in the actual possession, using and cultivating large fields within the boundaries of the complainants' grant, and within the boundaries of the deed relied upon by the defendants, if the land claimed by the defendants is sufficiently described and can be located by the deed.

So the real question here and the one determinative of the three defenses mentioned is whether the deed of the defendants sufficiently describes the land so as to identify it as being the land claimed and as including within its boundaries the defendants' improvements aforesaid.

The deed upon which the defendants rely describes the land as follows:

"In the Fifth civil district of said (Wayne) county on the waters of Second creek and bounded as follows to-wit:

"Beginning at the southeast corner at a stake and running east sixty poles to the corner on a Spanish oak; thence north one hundred and fifty-two poles to a black oak; thence west sixty poles to a Spanish oak; thence south one hundred and fifty-two poles to the beginning. One other tract beginning at a black oak on the southeast corner; running west one hundred and eighty poles to a stake with chestnut oak pointers; thence north ninety-four poles to a rock corner; east one hundred eighty poles to a beech tree; thence south ninety-four poles to the beginning, containing by estimation one hundred and fifty-two acres to be the same more or less. Said land is bounded on the north by Budd Johnson and M. A. McFall."

It will be observed that this description treats the land as one boundary composed of two tracts. This is evidenced by the fact that the deed calls for the boundary to contain one hundred and fifty-two acres, and it takes both parcels to make up that quantity of land. It will also be observed that following the number of acres called for in the deed are the words, "said land is bounded on the north by Budd Johnson and M. A. McFall." While the deed indicates that the two tracts form one boundary, there is absolutely nothing to show how they are situated with reference to each other. It cannot be told whether the first tract lies north, south, east, or west of the second tract. There is nothing to indicate its location with reference to the other. The evidence shows that the second tract described in the deed does adjoin on the north the lands of Budd Johnson and M. A. McFall as called for in the deed, and the defendants claim that the first tract lies south of the second,

and that the southeast corner of the second tract is the northeast corner of the first tract. But is is impossible to give the first tract this location by any of the calls in the deed itself. Even though both tracts be treated and considered as one boundary of land, that portion of it referred to as the first tract cannot be located unless it be by the testimony which shows that the parties themselves have by marked lines established it as claimed by them.

The location of the first tract cannot therefore be aided by the call for adjoining lands which the evidence shows applies only to the second tract.

There must be some definite description in the deed which will identify the lands as being that claimed thereunder. If the lands are not described in the deed, it lays no foundation for a claim beyond the actual possession. *Slatton* v. *T. C. Iron & Coal Co.,* 109 Tenn., 415, 75 S. W., 926. The deed must identify the particular tract of land in order to be an assurance of title under the first section of Acts 1819, chapter 28. If the description is indefinite and uncertain so as to make it impossible from the deed to locate the land, the conveyance and holding thereunder is void as a basis for constructive possession. *Hebard* v. *Scott,* 95 Tenn., 467, 32 S. W., 390; *Goodloe* v. *Pope,* 3 Shan. Cas., 634.

It will be observed that in describing the first tract the deed calls to begin at its own southeast corner at a stake and to run east therefrom sixty poles to a Spanish oak. Of course it could not begin at the southeast corner and run east therefrom. This may be considered as a clerical error, and the line treated as running west from the southeast corner, and it might be treated as starting as the southwest corner and running east; the most favorable inter-

145 Tenn.—44

pretation for the defendants is that it runs from the southwest corner sixty poles to the Spanish oak, and that the Spanish oak is the southeast corner. There is nothing whatever to indicate where either one of these corners is located, further than that the land itself is in the Fifth civil district of Wayne county on the waters of Second creek. It would be impossible to locate the land without referring to evidence not afforded by the description itself. The land which defendants claim is the first tract in this deed adjoins the second tract, and has for its northeast corner the southeast corner thereof. But there is nothing in the deed to so identify it. The deed does not afford any description of the trees called for as corners or any information that would lead to the location of the trees. It is true that there are marked lines and trees standing on the ground where the defendants claim their corners and lines are located, but this is insufficient, unless there is something in the deed that will lead to the location of these lines. The rule of law is that parol evidence is admissible to show where the land is that fills the description given in the writing, but it cannot supply material parts of the deed. It is permissible to apply, but not to supply, description. It is not permissible to show that the parties intended to designate a particular tract by the description when the description may be applied to several different tracts. The rule requires that certainty of description which will enable one to take the deed and from its face designate the property described. See authorities cited in Shannon's Code, pp. 2278 to 2286.

There is nothing whatever in this description to identify the land as being that claimed by the defendants, except the calls for trees, and nothing to lead us to the location

Ragsdale v. McFall.

of the trees called for.   The land might as well have been surveyed and located in any other place where trees such as are called for might be found.   The land could not be found without calling for information not referred to or disclosed in the deed.

We hold that the description of the first tract is vague, and therefore void for uncertainty, and cannot operate as a proper location of boundaries so as to extend the operation of the statute of limitations thereunder beyond the improvements themselves.   So far as this tract is concerned, the complainants will be entitled to recover all of it, except that portion actually occupied by the defendants, as to which the bill will be dismissed.

As to the second tract, it will be observed that the description locates its northern boundary line by the lands of Budd Johnson and M. A. McFall.   From this description in the deed the northern boundary line can be established.   The exact location of the corners called for can be found by trees in the boundary line of the adjoining lands.   The evidence shows that the northeast and northwest corners are easily located on the line of the adjoining landowners, and that the boundary is marked on the ground as the corners are called for.   This is sufficient under the authorities referred to to fix the definite boundaries of this particular tract.   The defendants having had more than seven years' adverse possession within the boundaries of this particular tract, complainants are not entitled to recover any portion thereof.

It is contended that the defendants have not perfected their title to this tract because the deed has not been registered.   The proof shows that the deed was executed by a married woman, and the certificate of acknowledgment is

insufficient under the statute to entitle it to registration. Although actually found upon the record in the register's office, under provisions of chapter 38 of the Acts of 1895, it cannot operate as color of title so as to perfect the title by adverse possession; before it can have this effect it must be recorded. *Byrd* v. *Phillips,* 120 Tenn., 14, 111 S. W., 1109; *Smith* v. *Cross,* 125 Tenn., 159, 140 S. W., 1060. The fact that the deed was executed by a married woman without any privy examination does not prevent the paper from being an assurance of title under which title may be perfected by adverse possession. *Hanks* v. *Folsom,* 11 Lea, 558. But before color of title can operate to perfect the title it must have been recorded.

However, registration is not essential to entitle the defendant to rely upon the statute of limitations under the second section of the act of 1819, and adverse possession within the boundaries of the deed will operate to the full extent thereof, and if continued for a period of more than seven years will, under the second section of the act of 1819, prevent the complainants from recovering. *Kittel* v. *Steger,* 121 Tenn., 400, 117 S. W., 500.

The action of the chancellor in having sustained the complainants' bill for all the land sued for except that portion in actual possession will be modified so as to dismiss the bill altogether as to the second tract described in the deed referred to in the defendants' answer. In all other respects the decree will be affirmed. The costs of the court below and this court will be divided so that the complainants will pay one-half and the defendants one-half.