# STATE v. McNABB et ux.—267 S. W. (2d) 109.

Middle Section. July 31, 1953.

Petition for Certiorari denied by Supreme Court, December 11, 1953.

A. A. Kelly, of South Pittsburg, for complainant.

Weeks & Crutchfield, J. W. Atchley, and Virgil Zachary, all of Chattanooga, for defendants.

HOWELL, J.   The original bill in this case was filed by the State of Tennessee, Department of Conservation, Forestry Division, against Fred McNabb and his wife, Lillian Bertha McNabb, and alleged that the complainant is the owner of a tract of land in Marion County, Tennessee, containing 57.9 acres and that the defendants are trespassing and cutting valuable timber thereon.   The

bill prays for an injunction enjoining such trespass, that the title and right to possession of this land be decreed to complainant and that a reference be had for the amount of the damages done.

The answer of the defendants denies the material allegations of the bill.

The original bill was amended to allege that complainant was also the owner of several thousand acres of land and the injunction was extended to cover this land. An answer denied the material allegations of the amendment.

Much proof was taken and exhibits filed and the case was regularly heard by the Chancellor, who found the facts in favor of the complainant and granted the relief prayed except as to two small tracts in the boundaries of the land described in the bill.

The defendants have appealed to this Court and have assigned errors.

The Chancellor filed a complete and accurate finding of facts as follows:

"The land in controversy is a tract sometimes said to contain 47 acres and sometimes 57 acres, more or less. The case has been ably presented. Defendant's theory has been most intriguing. Actually it is predicated upon adverse possession of a tract of land of approximately 126 acres with defendants and their predecessors in title claiming to the extent of the boundary of this tract. Actual adverse possession for more than twenty years has been successfully proven by defendants to two small tracts embraced within the larger, and on one of these tracts defendants have built a home where they now reside. Defendants insist that by virtue of these possessions and other possessions shown by the proof to have existed in years gone by, they have proven title to

that portion of the J. W. Richie lands which they say passed by Will to Robert Richie and from Robert Richie to Ralph Richie, immediate predecessor of defendants. He is insistent that these lands lay within the confines of the Tennessee River on the East, the Bluff of the Mountain on the West, the Francis lands on the North, and a wire fence along the South, evidence of which is now found. That this adverse possession was had and has been enjoyed for 50 to 60 years, and has been unchallenged until this suit was filed. Numerous witnesses for the defendants have testified to this effect and their testimony constitutes a substantial part of this record.

"The Court is of opinion that defendants have failed to prove adverse possession for the requisite period of time under a registered assurance of title to the land in controversy. Robert Richie's deed to Ralph Richie for the first time described Grantee's boundary of land, but was not filed for record until September 14, 1943, eleven days after the registration of complainants' deed. Thereafter and on April 4, 1944, Ralph Richie and wife conveyed by deed to defendants the boundary of land part of which is here in dispute and this deed was registered April 21, 1944. Thus, the Court holds that defendants have failed to prove adverse possession under a registered assurance of title for the requisite period of seven years before the filing of this suit. The Court further holds, however, that defendants have successfully proven actual adverse possession of the tracts which were surveyed and proof of same offered in rebuttal which possessions by their nature and duration have served to vest an absolute title in

the defendants to lands granted by the State of Tennessee, same being the Roberts Grant.

"Recognizing that complainant must rely upon the strength of its title and not the weakness of its adversary's title the Court has considered and tried to carefully examine the paper title offered here in evidence by complainant to the lands described in the bill. Part of these lands lie within the boundary of the Haley Grant 4817 for 5000 acres, issued December 1, 1836, to James Haley, W. M. Haley and Ward Haley, and part lie within Grant 4804 from the State of Tennessee to William S. McEwen dated Oct. 18, 1836. The Court is further of opinion that the complainant has successfully carried the burden of proof and has shown a connected chain of title from these two Grants, respectively; and so far as these defendants are concerned the Court finds that the complainant is the owner of the legal title to the lands described in its bill, less the small tracts hereinabove referred to. The able briefs of counsel reflect the well recognized rules of law which are here applicable but for the purpose of this memo will not be cited for sake of brevity.

"The only remaining question is the plea of champerty.

"Finding and holding as does the Court, it appears that this plea will not avail defendants other than to the extent of their actual possession hereinabove referred to.

" 'A person claiming land, without any color or assurance of title describing the boundaries to which he claims, is in possession only to the extent of his actual possession; and a sale and conveyance of the

tract of land by a person not in possession is champertous only to the extent of said actual possession, and is valid as to the remaining portion of the tract conveyed.' Pickens v. Delozier, 2 Humph. [400] 21 Tenn. 400; Goodloe v. Pope, 3 Shan. Cas. 634; Slatton v. Tennessee Coal, Iron & R. Co., 109 Tenn. (1 Cates) 415, 75 S. W. 926. See Allis v. Hunt, 155 Tenn. (2 Smith) 155, 294 S. W. 509.

" 'Where a person holds, under assurance or color of title, the adverse possession of a smaller tract within the boundaries of a larger one, a sale and conveyance of the larger tract, without excluding the smaller one, is champertous only to the extent of the smaller tract, and is valid as to the other portion of the larger tract.' Smith v. Nashville & K. R. Co., 88 Tenn. ([3] Pick.) 611, 13 S. W. 128."

From a decree based on these findings of facts the defendants have appealed.

■ We have carefully examined the entire record including the exhibits and considered the interesting arguments of counsel and cannot say that the evidence preponderates against the decree of the Chancellor. We concur in the finding of facts and conclusions of the Chancellor.

■ We find no error in the holding of the Chancellor in connection with the plea of champerty. Such plea is not available to defendants except as to that part of the lands involved of which they had actual possession.

It results that the assignments of error are overruled and the decree of the Chancellor is affirmed. The case will be remanded to the Chancery Court of Marion County for the execution of the order of reference in the final decree of that Court.

The defendants will pay the costs of the appeal.

Felts and Hickerson, JJ., concur.